IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. WARDEN,<br><br>Plaintiff,<br><br>v.<br><br>RANDY L. TEWS, et al.,<br><br>Defendants. | Case No. CV 15-88 CAS (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses the action with prejudice for (a) Plaintiff's failure to oppose a defense dismissal motion and (b) the failure of a pro se litigant to update his address with the Court.

\* \* \*

This is a civil action by a former inmate at the Victorville federal prison complex. Plaintiff contends that he failed to receive timely notice of a criminal detainer from the state of Idaho while in federal custody. (Docket # 1.) After Plaintiff demonstrated that he was entitled to proceed without prepayment of filing fees (Docket # 4, 5, 10), Magistrate Judge Wilner directed the Marshals Service to serve the complaint on one of the named defendants in February 2015. (Docket

# 15.)  Additionally, Judge Wilner's original case management order (Docket # 15 at 3) informed Plaintiff of his obligation under Local Rule 41-6 as a pro se litigant to update his or her mailing address or risk dismissal of the action for lack of prosecution.

In the interim, the Post Office returned the Court's order and other documents from the Victorville prison as "undeliverable." (Docket # 18-21, 23-24.)[1]  In April 2015, Plaintiff filed a change of address notice indicating that he was in custody in Idaho, presumably to face the criminal charges that were the subject of the earlier detainer.  (Docket # 25.)  The Court directed Plaintiff to indicate whether the case was moot in light of this transfer.  (Docket # 26.)  Plaintiff filed a statement that suggested a basis for proceeding with the case.  (Docket # 27.)

In June 2015, Plaintiff filed another change of address form indicating that he had been returned to the federal facility at Victorville.  (Docket # 37.)  However, according to the Bureau of Prisons website, Plaintiff was discharged from federal custody in mid-June 2015.

The government filed motions to dismiss the action for failure to state a claim and for summary judgment.  (Docket # 38, 39.)  The government apparently served the motions on Plaintiff at the Victorville facility.  After Plaintiff failed to respond to the motions, Judge Wilner directed the government to re-serve the motions on Plaintiff at the Idaho address on the Court's docket.  (Docket # 44.)  Mail sent to Plaintiff in Idaho – including items sent after the Court discerned a technical problem with some of the mailings (Docket # 49) – was returned as undeliverable or failed to elicit any response from Plaintiff.  (Docket # 42, 43, 46, 47.)

---

[1]  Plaintiff previously refused to accept other court documents that prison officials opened outside of his presence. (Docket # 11-14.)

In October 2015, Judge Wilner again issued an order specifically informing Plaintiff of his obligation to respond to the pending motions or face dismissal of the action. (Docket # 49.) Plaintiff failed to file any response to the Court's order or any opposition to the merits of the government's motions. Notably, the Court has not received anything from Plaintiff in this action since June 2015.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Dismissal is also proper under the Local Rules of Court. Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

Additionally, Local Rule 7-9 requires a party to file a memorandum stating the basis for that party's opposition to a motion. Local Rule 7-12 states that the "failure to file any required document [ ] may be deemed consent to the granting or denial of the motion."

In the present action, the Court finds dismissal is appropriate. Plaintiff failed to provide the Court with up-to-date contact information as required by Local Rule and by order of the magistrate judge. Since his release from federal custody, the Court has no accurate information as to his whereabouts. Plaintiff's failure to provide an updated address – and the subsequent inability of the Court and the government to send additional litigation documents to him – demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Finally, the government's dismissal motion – pending with the Court for several months – is unopposed. The government plausibly demonstrates that Plaintiff failed to state a cause of action upon which relief may be granted. (Docket # 38.) Plaintiff's failure (despite numerous opportunities) to file any response means that the Court should deem the dismissal motion unopposed under Local Rule 7-12 and grant the requested relief.[2]

---

[2] The Court declines to address the government's parallel motion for summary judgment. (Docket # 39.) Plaintiff's failure to oppose this argument cannot, by itself, lead to the imposition of summary judgment. Heinemann v. Satterberg, 731 F.3d 914, 916 (9th Cir. 2013) ("a motion for summary judgment
(continued…)

Accordingly, for the above reasons, this action is DISMISSED with prejudice. See Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

Dated: November 20, 2015  _____
HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

(…continued)
may not be granted based on a failure to file an opposition to the motion"). Further, given the other bases for terminating this action, it is not necessary for the Court to evaluate the evidence supporting the merits of the summary judgment motion.

5